IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

NARVELL JOHNSON                                                                            PETITIONER
ADC #95321

V.                                       NO. 5:10cv00226 JMM-JWC

RAY HOBBS, Director,                                                                       RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Narvell Johnson, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1). For the reasons that follow, the petition should be **denied** as barred by the one-year statute of limitations applicable to federal habeas petitions. *See id.* § 2244(d).

I.

Petitioner has state criminal convictions arising from two separate cases in the Circuit Court of Pulaski County, Arkansas.

A. Case No. CR 2003-3293.

Following a jury trial in May 2004, he was convicted in Case No. CR 2003-3293 of aggravated robbery and theft of property, receiving a cumulative sentence of 240 months. His judgment and commitment order was filed with the circuit court clerk on May 28, 2004.

(Resp't Ex. 1 [doc. 10-1].)  His convictions were affirmed in a direct appeal.  *Johnson v. State*, No. CACR 04-1352, 2005 WL 2093091 (Ark. Ct. App. Aug. 31, 2005) (Resp't Ex. 3 [doc.10-3]).  The appellate mandate issued on September 26, 2005.  (Resp't Ex. 5, at 9 [doc. 10-5].)

On November 23, 2005, Petitioner filed in the state circuit court a pro se petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, which was denied as untimely on December 1, 2005.  (Resp't Ex. 7 & 8 [docs. 10-7, 10-8].)  The Arkansas Supreme Court affirmed the Rule 37 denial, stating that the petition had been filed two days late, *Johnson v. State*, No. CR 06-150, 2006 WL 728807 (Ark. Sup. Ct. Mar. 23, 2006) (Resp't Ex. 9 [doc. 10-9]), and then denied his motion for reconsideration, *Johnson v. State*, No. CR 06-150, 2006 WL 2839239 (Ark. Sup. Ct. Oct. 5, 2006).

According to the circuit court docket sheet for Case No. 2003-3293, Petitioner filed a pro se state petition for habeas corpus relief on October 24, 2006, which was denied by order entered on October 30, 2006.  (Resp't Ex. 5, at 10.)  On November 29, 2006, he filed another pro se state habeas petition and a "motion based on scientific evidence," both of which were denied by order entered on December 8, 2006.  (*Id.*)  *See* Ark. Code Ann. §§ 16-112-102 to -123 (procedures for state habeas petitions), §§ 16-112-201 to -208 (procedures for state habeas petitions based on "new scientific evidence").

B.   Case No. CR 2003-3342.

Following a jury trial in June 2004, Petitioner was convicted in Case No. CR 2003-3342 of aggravated robbery, fleeing and theft of property, receiving a cumulative sentence of 720 months.  His judgment and commitment order was filed with the circuit court clerk on June 22, 2004.  (Resp't Ex. 2 & 6 [docs. 10-2, 10-6].)  These convictions also were

affirmed in a direct appeal. *Johnson v. State*, No. CACR 05-82, 2005 WL 2450192 (Ark. Ct. App. Oct. 5, 2005) (Resp't Ex. 4 [doc. 10-4]). The appellate mandate issued on October 26, 2005. (Resp't Ex. 6, at 10 [doc. 10-6].)

According to the state circuit court docket sheet, Petitioner did not file a Rule 37 post-conviction petition in No. CR 2003-3342. On November 8, 2006, he filed a state petition for writ of habeas corpus, which was denied by circuit court order on November 16, 2006. (*Id.*)

### C. State Declaratory Judgment Proceeding.

Sometime in 2007, Petitioner filed in the state circuit court a motion for declaratory judgment, challenging the constitutionality of the Arkansas aggravated robbery statute under which he was convicted, Ark. Code Ann. § 5-12-103. He argued that the statute was unconstitutional because it was not a complete statute and violated the Arkansas constitution by referencing the robbery statute in order to define certain criminal conduct, thereby creating confusion and uncertainty. His motion was denied, and Petitioner sought an appeal. The Arkansas Supreme Court denied relief. *Johnson v. McDaniel*, No. CR 08-404, 2008 WL 2057507 (Ark. Sup. Ct. May 15, 2008). The court held that the Arkansas Constitution did not "prohibit the legislative drafting technique of making a cross-reference to other statutes governing related matters," that Petitioner failed to establish the existence of a judicial controversy or a legal basis for his claim, and, further, that a declaratory judgment action could not be used as a means for overturning his criminal convictions. *Id.* at *1. The United States Supreme Court denied Petitioner's petition for a writ of certiorari. *Johnson v. McDaniel*, 129 S. Ct. 191 (2008).

D.    Federal Court Proceedings.

In February 2009, Petitioner filed in this Court what he titled a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, arguing that Arkansas's aggravated robbery statute violated the Due Process Clause of the Fourteenth Amendment. He insisted that he was not challenging the validity of his underlying convictions. To the extent Petitioner was seeking a declaratory judgment on the constitutionality of the statute, the Court found there was no justiciable controversy. In light of Petitioner's assertions, the Court further declined to characterize the petition as a § 2254 habeas petition directly attacking his state-court convictions, and dismissed it without prejudice to any subsequent § 2254 filing. *Johnson v. Norris*, No. 5:09cv00032-SWW, 2009 WL 2424439 (E.D. Ark. Aug. 6, 2009).

On July 28, 2010, this Court received from Petitioner this § 2254 petition. He alleges that the aggravated robbery statute under which he was charged and convicted is unconstitutional, he was unjustly and unlawfully sentenced, and he is entitled to have his convictions dismissed with an absolute bar to prosecution. In response (doc. 10), Respondent asserts that the petition should be dismissed for two reasons: (1) as barred by the statute of limitations set forth in 28 U.S.C. § 2244(d); or (2) as procedurally defaulted because Petitioner failed to properly present his claims to the state courts, *see Coleman v. Thompson*, 501 U.S. 722 (1991). Petitioner replied (doc. 14).

II.

A state prisoner seeking to challenge his state court conviction in federal court must file a petition for federal habeas relief within one year after the state conviction becomes final by conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1)(A). "Direct review" encompasses review of the conviction by the United States Supreme Court, which is limited to judgments of a "state court of last resort." *Parmley v. Norris*, 586 F.3d 1066, 1069-70 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 3522 (2010). The Arkansas Court of Appeals is an intermediate appellate court, rather than a "state court of last resort." *Id.* at 1070-73. Therefore, when the Arkansas Court of Appeals decides a direct criminal appeal and the defendant does not seek rehearing or review from the Arkansas Supreme Court, the judgment becomes final, for purposes of § 2244(d)(1)(A), upon issuance of the mandate by the Arkansas Court of Appeals. *See id.*; *Riddle v. Kemna*, 523 F.3d 850, 856 (8th Cir. 2008) (Missouri appellate procedures); *Johnson v. State*, 900 S.W.2d 940, 951 (Ark. 1995) (once the mandate has been handed down, the disposition of the case becomes final").[1]

Here, the Arkansas Court of Appeals issued the mandates affirming Petitioner's convictions in his two criminal cases on September 26, 2005, and October 26, 2005, respectively. He did not file a petition for rehearing, or a petition for review by the Arkansas Supreme Court. Therefore, for § 2244(d)(1)(A) purposes, his judgments of conviction became final upon those dates, triggering the running of the one-year statute of limitations for filing a federal habeas petition.

Assuming that Petitioner placed his § 2254 habeas petition in the prison mailing system on the day he signed it, the petition is deemed "filed" on July 24, 2010 (doc. 1, at

---

[1] Under the Arkansas procedures, a mandate will be issued "when the [appellate] decision becomes final." Ark. Sup. Ct. R. 5-3(a). A decision is "not final until the time for filing [a] petition for rehearing or, in the case of a decision of the Court of Appeals, the time for filing a petition for review has expired or, in the event of the filing of such petition, until there has been a final disposition thereof." *Id.* A litigant has eighteen calendar days to petition for rehearing, *id.* 2-3(a), and, following a decision of the Arkansas Court of Appeals, eighteen calendar days to petition the Arkansas Supreme Court for review, *id.* 2-4(a).

5). *See* Rule 3(d), Rules Governing § 2254 Cases in United States District Courts (inmate filing is timely if deposited in the institution's internal mailing system on or before the last day for filing); *Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (pro se prisoner's habeas petition is "filed" on the date delivered to prison authorities for mailing to the clerk of the court). This was almost four years after Petitioner's state convictions became final, clearly outside the one-year limitations period. Unless the limitations period was tolled or extended by some means, the current petition must be dismissed as untimely.

    A.    <u>§ 2244(d)(1): Delayed Trigger Dates</u>.

Section 2244(d)(1) contains three provisions which will delay the date on which the statute of limitations begins running, none of which Petitioner invokes. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Specifically, there is no allegation or evidence of any state-created impediment which has prevented him from seeking federal habeas relief since his conviction under subsection (d)(1)(B), he does not identify any United States Supreme Court case announcing a newly recognized constitutional right under subsection (d)(1)(C), and he does not allege any factual predicates which could not have been discovered earlier under subsection (d)(1)(D). Furthermore, the constitutional rights at issue are well-established. *See Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (void-for-vagueness doctrine "requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement").

    B.    <u>§ 2244(d): State Post-Conviction Proceedings</u>.

    1.    <u>Rule 37 Petition</u>.

Time consumed by properly filed post-conviction proceedings in state court does not count against the one-year limitations period. 28 U.S.C. § 2244(d)(2). A state post-conviction application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings," including "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The law is clear that an untimely state post-conviction application is not "properly filed" for § 2244(d)(2) tolling purposes. *Allen v. Siebert*, 552 U.S. 3, 5-7 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 414, 417 (2005).

Under Arkansas law, a Rule 37 post-conviction petition must be filed within sixty days of entry of an appellate court mandate affirming a conviction. Ark. R. Crim. P. 37.2(c). Rule 37's time limitations are jurisdictional, and relief may not be granted on an untimely petition for post-conviction relief. *Womack v. State*, 245 S.W.3d 154, 155 (Ark. 2006). Once it is determined that jurisdiction does not exist due to the untimeliness of a post-conviction petition, the case must be disposed of on that basis. *Maxwell v. State*, 767 S.W.2d 303, 305 (Ark. 1989).

Here, the Arkansas Supreme Court clearly and unequivocally found that Petitioner's Rule 37 petition, filed in Case No. CR 2003-3293 on November 23, 2005, was two days late and thus untimely under Arkansas law. Simply put, when a state court finds that a state post-conviction petition is untimely under the applicable state provisions, "that [is] the end of the matter" for purposes of determining whether it was properly filed under § 2244(d)(2). *Pace*, 544 U.S. at 414. Because Petitioner's post-conviction petition was determined to be untimely by the state circuit court and the Arkansas Supreme Court, it was not properly filed

8

under § 2244(d)(2); therefore, the time during which the Rule 37 petition and Rule 37 appeal were pending has no tolling effect on the one-year limitations period.

    2.    <u>State Habeas Petitions</u>.

Petitioner's state post-conviction habeas petitions were all filed *after* the federal habeas statutory deadline for the convictions at issue.[2] The statute of limitations for a federal habeas filing cannot be tolled after it has expired. *Jackson v. Ault*, 452 F.3d 734, 735-36 (8th Cir. 2006). This is true even if the petitioner has the right under state law to continue filing post-conviction applications for relief. *Id.*; *Curtiss v. Mount Pleasant Corr. Facility*, 338 F.3d 851, 853-55 (8th Cir. 2003). Section 2244(d)(2)'s tolling provision does not revive an expired limitations period or restart the one-year calculation. Therefore, none of Petitioner's state habeas petitions had any effect on the limitations period applicable to his claims.

Petitioner asserts that he has "heard nothing" about his habeas petition filed in Case No. 2003-3293 on November 29, 2006, that the state never responded to the petition, that he has been moved three times by the ADC, that his legal mail was not forwarded to him in 2006, and that he was not required to file a federal habeas petition until he received a ruling on the state habeas petition. The public docket sheet for Case No. 2003-3293 shows that the petition was ruled upon by an order on December 8, 2006 (Resp't Ex. 5, at 10), a fact that could have been easily ascertained. In any event, the federal limitations period

---

[2]In Case No. 2003-3293, the one-year deadline was September 26, 2006; he filed his first state habeas petition on October 24, 2006, and, on November, 29, 2006, his second state habeas petition and a motion based on scientific evidence. (Resp't Ex. 5, at 10.) In Case No. 2003-3342, the one-year deadline was October 26, 2006, and he filed his state habeas petition on November 8, 2006. (Resp't Ex. 6, at 10.) *See Wright v. Norris*, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (habeas filing deadlines fall on the anniversary date of the triggering event).

had already expired by the time Petitioner filed the state habeas petition, making the existence of a ruling immaterial.

    3.    <u>State Declaratory Judgment Action</u>.

Petitioner asserts that the one-year time limit does not begin until after the United States Supreme Court denied certiorari in his state declaratory judgment action. As with the state habeas petitions, Petitioner's declaratory judgment action was not initiated until *after* expiration of the federal limitations period for all of his convictions; therefore, it has no effect on calculation of the period.

    4.    <u>First Federal Action</u>.

Petitioner's first federal proceeding also was filed after expiration of the one-year limitations period. Even if it had been timely, the limitations period continued to run while it was pending. The Supreme Court has held that the language of § 2244(d)(2), which permits tolling while "State post-conviction or other collateral review" is pending, does not permit tolling on the basis of a pending *federal* habeas corpus petition. *Duncan v. Walker*, 533 U.S. 167, 181 (2001); *see Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003). Applying *Duncan*, Petitioner is not entitled to any statutory tolling on the basis of his initial federal habeas action.

    C.    <u>Equitable Tolling</u>.

In addition to the statutory mechanisms, the one-year federal limitations period is also subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling only if he shows that (1) he has been "pursuing his rights diligently" but (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562.

Petitioner asserts (doc. 14) that he is entitled to equitable tolling because he has "never discontinued his attempt to receive collateral review of the issues presented," pointing to his state habeas petitions and his state declaratory judgment action. He says he has diligently pursued state remedies, and could not move forward with a federal habeas petition until he received rulings on his state actions.

Petitioner has not shown that he was unaware of the federal statute of limitations or was prevented in any way from complying with it. In *Pace*, the Supreme Court addressed the apparent unfairness to habeas petitioners who spend years exhausting state court remedies, only to discover their federal habeas petition is time-barred because their state petitions were never "properly filed," stating that a prisoner seeking state post-conviction relief "might avoid this predicament ... by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace*, 544 U.S. at 416; *see also Runyan v. Burt*, 521 F.3d 942, 946 n.4 (8th Cir. 2008); *Walker v. Norris*, 436 F.3d 1026, 1030-31 (8th Cir. 2006); *Curtiss*, 338 F.3d at 856. Regardless of any uncertainty about his state court proceedings, nothing impeded Petitioner from filing a concurrent, protective habeas petition with the federal courts within the one-year time period. He knew, at the time of the state circuit court's decision on December 1, 2005, that his Rule 37 state post-conviction petition was being rejected as untimely, giving him ample time to file a timely federal habeas petition.

Instead, as explained above, Petitioner filed an untimely Rule 37 petition in one of his criminal cases, did not file a Rule 37 petition at all in the other, and filed state habeas petitions and a declaratory judgment action more than one year after his state convictions were final. After he received a adverse decision from the Arkansas Supreme Court on his

declaratory judgment action, he waited almost nine months before filing anything in federal court and, in his filing, insisted that he was not intending to directly attack his state convictions. Almost one year after that dismissal, he filed the federal § 2254 petition currently under consideration. This does not demonstrate diligence. *See Nelson v. Norris*, 618 F.3d 886, 893 (8th Cir. 2010) (petitioner failed to pursue his rights diligently by not filing his federal habeas petition until nine months after state supreme court denied rehearing in his post-conviction proceeding); *Earl v. Fabian*, 556 F.3d 717, 724 (8th Cir. 2009) (no diligence where habeas petitioner waited to file his federal petition until eight months after receiving notice that his judgments were final).

Furthermore, Petitioner has not demonstrated that some extraordinary circumstance stood in his way to prevent a timely filing. *Nelson*, 618 F.3d at 893. Where a habeas petitioner has encountered "the kinds of obstacles faced by many if not most habeas petitioners," equitable tolling is inapplicable because Congress is presumed to have considered such equities in determining that one year represents a fair and appropriate limitations period. *Runyan*, 521 F.3d at 945-46 . It is not justified by a petitioner's pro se status, lack of legal knowledge or legal resources, or any confusion about the federal limitations period or state post-conviction law. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (no equitable tolling due to confusion about the law, miscalculation, or alleged mental incapacity); *Pace*, 544 U.S. at 418-19 (no tolling due to "trap" created by post-conviction laws, where petitioner did not diligently seek state and federal relief); *Earl*, 556 F.3d at 724-25 (delayed receipt of case file, pro se status, lack of access to legal materials and limited time in library); *Runyan*, 521 F.3d at 945-46 & n.4 (failure to comply with state filing requirements and to file protective federal habeas petition); *Finch v. Miller*,

491 F.3d 424, 427-28 (8th Cir. 2007) (filing of three improper state post-conviction applications); *Shoemate v. Norris*, 390 F.3d 595, 597-98 (8th Cir. 2004) (misunderstanding of state post-conviction procedures; pro se status, lack of legal knowledge or legal resources); *Curtiss*, 338 F.3d at 855-56 (failure to check on status of pending state-court actions or to file timely concurrent federal habeas petition). As illustrated by the cited cases, any obstacles faced by Petitioner were not extraordinary when measured according to those encountered by a typical prisoner who prosecutes a pro se federal habeas petition.

In summary, Petitioner filed this petition outside the one-year limitations period provided in § 2244(d), and he has not demonstrated that the period should be tolled or extended under any statutory provision or equitable principles. Because the Court finds that the petition is time-barred, Respondent's other arguments for dismissal need not be addressed.

III.

Accordingly, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1) should be **denied as untimely, dismissing this action in its entirety with prejudice**. Furthermore, a certificate of appealability should be denied, as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2); Rule 11, Rules Governing § 2254 Cases in United States District Courts; *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (to satisfy § 2253(c) when habeas petition is denied on procedural grounds, petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its procedural ruling").

DATED this 17th day of December, 2010.


                                                      UNITED STATES MAGISTRATE JUDGE